# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALBERT L. BRINKMAN,**

    **Plaintiff,**

    v.                              **CASE NO. 18-3136-SAC**

**JOE NORWOOD, et al.,**

    **Defendants.**

## ORDER

Plaintiff Albert L. Brinkman is a state prisoner housed at El Dorado Correctional Facility-Central in El Dorado, Kansas. Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*. The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical

---

[1] *See Brinkman v. Norwood*, Case No. 18-3009-SAC; *Brinkman v. Ryan*, Case No. 4:17-cv-00359-FRZ-PSOT, Doc. 6 (D. Ariz. Sept. 29, 2017).

harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id*. (quoting *Hafed*, 635 F.3d at 1180). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted).

Plaintiff's Complaint alleges that while he was an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HFC") and the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), defendants failed to accommodate his disabilities, failed to follow medical orders, failed to provide a proper diet, and failed to allow him to practice his Wiccan religion. Plaintiff's claims in this case are substantially the same as those he asserted in *Brinkman v. Norwood*, Case No. 18-3009. The Court dismissed that case for failure to pay the filing fee, finding that Plaintiff was a three-strikes litigant and failed to show imminent danger of serious physical injury.

Plaintiff reasserts his claims in the instant action, again arguing that he is in imminent danger of serious physical injury. Plaintiff alleges that he has a medical order for "front cuff only" due to abdominal aneurisms. Plaintiff alleges past incidents of excessive force, from November 9, 2016 to March 15, 2017, as a result of staff enforcing EDCF and HCF rules which do not allow for front-cuffing and instead require belly chains. (Doc. 1, at 9–17.) Plaintiff also alleges that because medical staff would not come to his cell, and security would not transport Plaintiff with "front cuff only," Plaintiff had no medical care or exams beyond receiving his

medication. *Id*. at 12. Plaintiff also attempts to show imminent danger by alleging that Defendant Randolph's statement to Plaintiff that the SST Team was approved for "use of force" "was the same as a physical beating to gain surrender, and submission, no different than holding a knife to the throat, so that Plaintiff, faced with pretty much assured death, or great bodily harm, is left with choosing 'best odds of survival' (advise given to any victim of any kind of assault)." *Id*. at 13. Plaintiff also alleges that his crutch was taken, he was "put in a broken wheelchair where he had to hold up his legs," and he received bruises from the straps of the "restraint chair" that was used to transport him for a "medical shower." *Id*. at 12, 17.

Plaintiff also alleges that on August 29, 2017, he received his food tray through the trap door of his cell and when he paused to inspect the tray to see if it was in compliance with his medical diet, Defendant Peterson slammed the trap door shut, pinching Plaintiff's fingers, and "endangering the stability of his 3 abdominal aortic aneurisms" and causing "serious psychological trauma, (mental & emotions anguish), all done without provocation, that exacerbated Plaintiff's PTSD, and dizziness, headache, nausea." *Id. at 23*.

The Court has examined the Complaint[2] and finds that Plaintiff has failed to establish a threat of imminent danger of serious physical injury. The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that

---

[2] The Court was forced to search Plaintiff's 35-page Complaint for allegations of imminent danger of serious physical injury. The Court notes that Plaintiff should have attached an affidavit to his motion to proceed in forma pauperis, containing only those facts relevant to make the showing of imminent danger of serious physical injury. *See Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *1–2 (D. Kan. Aug. 22, 2011).

judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Although Plaintiff sets forth past incidents allegedly involving excessive force, allegations of past harm are insufficient. "[A]llegations of past misconduct of defendants and even of past injury to plaintiff are insufficient to allow a three-striker to proceed IFP." *Id*. (citation omitted). "When the reason that the plaintiff speculates he is in danger of future harm is a pattern of past harassment, he still must show that danger was imminent at the time he filed his complaint." *Id*. (citation omitted). "[E]ven specific examples of being denied health care in the past are not sufficient to satisfy the imminent danger exception under § 1915(g)." *Id*. at *3. (citation omitted). The allegations of imminent physical danger must be plausible and credible. *Id*.

Plaintiff's allegations do not meet the imminent danger exception. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 14, 2018,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS SO ORDERED**.

**Dated on this 17th day of August, 2018, in Topeka, Kansas.**

                                          **s/ Sam A. Crow**
                                          **SAM A. CROW**
                                          **U. S. Senior District Judge**