IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALBERT L. BRINKMAN,**

    **Plaintiff,**

    v.                              CASE NO. 18-3136-SAC

**JOE NORWOOD, et al.,**

    **Defendants.**

## O R D E R

Plaintiff, Albert L. Brinkman, is a state prisoner housed at El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff filed this pro se civil rights Complaint under 42 U.S.C. § 1983.

The Court entered an Order (Doc. 8) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until September 14, 2018, to submit the $400.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 8, at 4.) Plaintiff has failed to pay the filing fee by the deadline set forth in the Order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as

permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to submit the required filing fee by the Court's deadline. Instead, Plaintiff has filed a motion for reconsideration and a motion to amend his complaint (Doc. 9), and an emergency motion for preliminary injunction/temporary restraining order (Doc. 10). The motion for preliminary injunction/tro seeks the same relief as the motion Plaintiff filed in Case No. 18-3202. Plaintiff seeks preservation of his religious items that are the subject of claims in cases before this Court as well as other cases. The Court granted Plaintiff's motion in Case No. 18-3202 to the extent that Defendants were ordered to refrain from destroying Plaintiff's religious items pending further order of the Court. *See Brinkman v. Zimmerman*, Case No. 18-3202-SAC, Doc. 5, at 2 (D. Kan.). The Court also cautioned Plaintiff that "[i]n the event his cases before this Court are dismissed, the Court will no longer enjoin Defendants regarding the religious items and Plaintiff would need to seek such relief in his other pending cases." *Id*.

In his motion to amend his Complaint, Plaintiff alleges that his proposed counts four through seven, and especially count four, will show that Plaintiff has been in danger every day since September 8, 2016. Plaintiff's complaints regarding the alleged failure to follow medical orders beginning in September of 2016,[1] have already been deemed deficient when evaluating

---

[1] Although Plaintiff apparently acknowledges that Dr. Sayeed cancelled Plaintiff's medical orders in November of 2016, he disagrees with the doctor's decision. *See* Doc. 9–2, at 9, 32, 34. Plaintiff alleges that "[t]he ignoring of medical orders, and or, A.D.A./R.A. accommodations for Plaintiff's physical, mental, and or, emotional disabilities began as a daily, ongoing, continuing, matter in KS, KDOC, the first week of Sept. 2016 and Plaintiff suffers injury daily through this filing, as he is punished for his disabilities, and suffers loss of const. rights in what he is being denied." Doc. 9-2, at 11.

whether he can escape the three-strikes provision. The Court finds that Plaintiff's proposed amended complaint fails to allege a sufficient showing of imminent danger of serious physical injury, for the same reasons set forth in the Court's Order at Doc. 8, and in the Court's orders in Case Nos. 18-3009 and 18-3202. *See* Doc. 8, at 3–4 (finding that past incidents are insufficient where the imminent danger exception has a temporal limitation and is construed narrowly and available only for genuine emergencies, where time is pressing and a threat is real and proximate).

The Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED THAT** Plaintiff's pending motions (Docs. 4, 6, 7, 9 and 10) are **denied.**

**IT IS SO ORDERED**.

**Dated on this 19th day of September, 2018, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**